IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL TRISTAN JOHNSON                                              PETITIONER

v.                              NO. 4:18-cv-00931-JM/PSH

UNITED STATES OF AMERICA                                             RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

<u>DISPOSITION</u>

On November 13, 2018, petitioner Michael Tristan Johnson ("Johnson") filed a <u>pro se</u> motion for <u>nunc pro tunc</u> designation in <u>United States v. Johnson</u>, 4:17-cr-00076-1. <u>See</u> Docket Entry 2. In the motion, he challenged the Federal Bureau of Prison's computation of his prison sentence.

On December 17, 2018, United States District Judge James M. Moody, Jr., the judge to whom 4:17-cr-00076-1 was assigned, directed the Clerk of the Court ("Clerk") to re-file Johnson's motion for <u>nunc pro tunc</u> designation as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. <u>See</u> Docket Entry 1. The Clerk did so and opened the case at bar on December 17, 2018.

On January 2, 2019, Johnson submitted a document that the Clerk filed as a Notice to the Court. In the document, Johnson represented the following:

> … I'm writing on behalf of the Order I received that was filed on December 17, 2018. The Order states that the Clerk was directed to re-file Defendant's pro se motion appearing at docket entry 28 [in 4:17-cr-00076-1] as a petition for writ of habeas corpus under 28 U.S.C. 2241. With all due "respect" Sir, that's not the issue. The motion I requested to be filed was a 5160.05 Nunc Pro Tunc Designation/Retroactive Designation, a Judicial issue not a Custodial issue. I "DO NOT" wish to proceed with the 28 U.S.C. 2241. Re-opening my case is not my intention at all, Sir. I'm simply asking if you could please look into time frames since my incarceration for this current charge and if jail credit was credited toward my State sentence, but should have went to my Federal sentence. Can you please have that credit transferred or grant it to my Federal sentence. The jail credit I'm referring to, Sir, is in the motion I sent to the courts that your Clerk scanned into my Electronic File. Once again, Sir, with all due respect, I "DO NOT" wish to proceed with the 28 U.S.C. 2241 motion. …

<u>See</u> Docket Entry 3.

The undersigned reviewed the record and learned that Johnson had neither paid the five-dollar filing fee nor obtained permission to proceed in forma pauperis. The undersigned knew of no reason why that requirement should be excused in this instance. Johnson was therefore notified that before his petition could be served, he must either pay the filing fee or obtain permission to proceed in forma pauperis. See Docket Entry 4. He was given up to, and including, February 4, 2019, to either pay the filing fee or file an application to proceed in forma pauperis. The Clerk was directed to send Johnson the documents necessary to file an application to proceed in forma pauperis. Johnson was also notified that in the event he failed to comply with the terms of the Order, it would be recommended that this case be dismissed without prejudice.

February 4, 2019, has come and gone, and the Clerk has no record of Johnson either paying the filing fee or filing an application to proceed in forma pauperis. Given Johnson's failure to do so, it is recommended that this case be dismissed without prejudice.

DATED this 12th day of February, 2019.

_____
UNITED STATES MAGISTRATE JUDGE